IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**GUILLERMO GRIJALVA-GARCIA,**
A# 095809261

                **Petitioner,**

vs.                                                   No. CV 10-275 JB/WDS

**RAY TERRY, Otero County Processing Center**

                **Respondent.**

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

      **THIS MATTER** comes before the Court on a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241, [Doc. 1] filed by Petitioner Guillermo Grijalva-Garcia ("Petitioner"), and a Motion to Dismiss For Lack of Ripeness [Doc. 12] filed by Respondent Ray Terry, Warden of the Otero County Processing Center. ("Respondent") Petitioner filed a response to the motion and Respondent filed a reply. Having considered Petitioner's Writ of Habeas Corpus, Respondent's Motion to Dismiss, and the applicable law, this Court recommends that Respondent's Motion to Dismiss without prejudice be granted and that the Petition be dismissed without prejudice.

**BACKGROUND**

      In the Motion to Dismiss, Respondent sets forth the following undisputed facts. Petitioner, a citizen of Mexico, is an illegal alien with no lawful immigration status in the United States. Petitioner came into Immigration and Custom Enforcement ("ICE") custody on September 14, 2009. Petitioner was detained at the Otero County Processing Center in Chaparral, New Mexico with the option of requesting that an immigration judge ("IJ") review the custody determination. Petitioner, who was represented by counsel, requested a review of his detention status. A hearing

was held on September 30, 2009, and on October 7, 2009 the IJ ordered that Petitioner's detention be continued.

At the October 7, 2009 hearing Petitioner was instructed to file his petition to cancel removal by November 6, 2009. Petitioner's counsel failed to file a timely petition to cancel removal, and on November 20, 2009 petitioner was ordered to be removed to Mexico. On December 17, 2009, petitioner filed an appeal of the removal decision by the IJ before the Board of Immigration Appeals ("BIA"). On March 19, 2010, the BIA vacated the decision of the IJ and remanded the petitioner's case.

Petitioner filed this habeas petition on March 24, 2010, alleging that under *Zadvydas v. Davis*, 533 U.S. 678 (2001) the government had six months in which to remove him to Mexico. Petitioner alleged that the six months began on September 14, 2009, and therefore expired on March 14, 2010. Petitioner further claims that his detention pursuant to 8 U.S.C. §1226 violates his substantive and procedural due process rights.

Petitioner's immigration case has continued, with hearings on June 8, 2010 and August 26, 2010. According to Petitioner, the IJ told him at the August 26 hearing to file for review of his detention status because he had been detained too long.

## DISCUSSION

I. PETITIONER IS NOT ENTITLED TO RELIEF UNDER *ZADVYDAS V. DAVIS*

Petitioner cites *Zadvydas v. Davis,* 533 U.S. 678 (2001) to support his contention that he should be released from detention. [Doc. 1]. In *Zadvydas*, the United States Supreme Court held that it is presumptively reasonable to detain an alien for a period of six months while attempting to remove the alien from the United States. *Id.* at 701. The six-month period begins to run when the alien becomes subject to a final order of removal. *See id.* at 682, 683, 687. After the six months, the

alien may attempt to show that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id* at 701. Upon that showing, the government must respond with evidence sufficient to rebut that showing in order to warrant further detention. *Id.*

Petitioner is not subject to a final order of removal, because the Board of Immigration Appeals granted his appeal of the IJ's November 20, 2009 order. 8 C.F.R. §1241.1 ("An order of removal ... shall become final: (a) [U]pon dismissal of an appeal by the Board of Immigration Appeals."); *See generally Fuentes v. Terry,* No. Civ 10-526 at *3 WJ/LFG (D.N.M. 2010). Accordingly, the six-month period did not start running on the date Petitioner was taken into custody, and will not start to run until there is a final order of removal. Petitioner's request for relief under *Zadvydas* is premature and should be denied.

## II. PETITIONER'S PROCEDURAL AND SUBSTANTIVE DUE PROCESS CLAIMS ARE MOOT OR WITHOUT MERIT.

Section 1226 governs the custodial status of aliens in pending removal proceedings. *See* 8 U.S.C. 1226. Section 1226(a) grants the Attorney General discretion to determine whether an alien should be arrested and detained, or released on bond or otherwise, pending removal proceedings. Section 1226(b) gives the Attorney General discretion to revoke a bond or parole under subsection (a). The discretionary decisions made pursuant to these provisions are not within any court's jurisdiction to set aside or review. *See* 8 U.S.C. 1226(e). Where the Attorney General determines the terms of custody of an alien pursuant to 1226(a) or (b), an alien may seek review of this decision by an Immigration Judge. *See* 8 C.F.R. 1003.19(c)(1)-(3); 8 C.F.R. 236.1(d)(1). There is substantial disparity in the manner in which the various Circuit courts have approached this statute[1]. The Tenth

---

[1] The majority of the litigation has arisen under Section 1226(c), which provides for mandatory detention of certain criminal aliens prior to a final removal order. §1226(c) has been found constitutional. *See Denmore v. Kim,* 538 U.S. 510 (2003). Since *Denmore,* the Sixth and

Circuit has not addressed the issue.

The Court has reviewed the documentation submitted by both Petitioner and Respondent. It is apparent that the process created by Section 1226 was followed with regard to Petitioner. There was an initial detention decision, Petitioner was advised of his right to appeal to an IJ, and he did so. The IJ denied petitioner's appeal, and approximately one month later Petitioner was ordered removed from the country. Petitioner appealed, and remained in detention for the four month period of his appeal. When the BIA remanded the case, Petitioner remained in detention through two hearings, approximately five months. According to Plaintiff, he was invited by the IJ at the August 26, 2010 hearing to file an application to be released from detention. Therefore, Petitioner's claim would appear to be moot as to this issue. The Court requests that Respondent, upon receipt of this Report and Recommendation, advise the Court of Petitioner's current status.

Also, Plaintiff has fourteen days to object to this Report and Recommendation. If no objection is received, the petition can be dismissed without prejudice. If Plaintiff does file objections the Court will review his status and amend this Report and Recommendation as appropriate.

## RECOMMENDED DISPOSITION

For the foregoing reasons, this Court recommends that Respondent's Motion to Dismiss Without Prejudice be granted and that the Petition for Writ of Habeas Corpus be dismissed without

---

Ninth Circuits have read some form of a time or reasonableness limitation into §1226(c). *See, e.g., Tijani v. Willis,* 430 F.3d 1241, 1242 (9th Cir. 2005) (holding that §1226(c) applies only to "expedited removal of criminal aliens"); *Ly v. Hansen,* 351 F.3d 263, 271 (6th Cir. 2003) (holding that criminal aliens may be held "for a reasonable period of time required to initiate and conclude removal proceedings promptly"). No court has attempted to quantify a presumptively reasonable period of time for Section 1226(c) detention that would mirror the Supreme Court's six-month rule in *Zadvydas*.

prejudice.

## NOTIFICATION

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN (14) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. §636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen (14) day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition.  If no objections are filed, no appellate review will be allowed.**

_____
**W. DANIEL SCHNEIDER
United States Magistrate Judge**