IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GUILLERMO GRIJALVA-GARCIA,

        Petitioner,

vs.                                                                                                                                              No. CIV 10-0275 JB/WDS

RAY TERRY, Warden,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (i) the Respondent's Motion to Dismiss for Lack of Ripeness, filed April 21, 2010 (Doc. 9); and (ii) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed March 3, 2011 (Doc. 18)("PFRD").  Petitioner Guillermo Grijalva-Garcia filed opposition to the motion, but did not file objections to the PFRD.  "'The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, Known as: 2121 East 30th Street, Tulsa, Oklahoma, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).  As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).  Because Grijalva-Garcia did not file objections to the PFRD, he does not "preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060.

Having failed to object to the PFRD, Grijalva-Garcia has waived his right to review. Nonetheless, the Court may review a PFRD to which there is no objections "when the interests of justice so dictate." One Parcel, 73 F.3d at 1060. The Court has carefully reviewed the PFRD and the briefing and the circumstances of this case. The Court cannot say that the interests of justice require the Court to set aside the PFRD.

The Court agrees that Grijalva-Garcia is not entitled to relief under Zadvydas v. Davis, 533 U.S. 678 (2001). The six-month period begins to run when an alien becomes subject to a final order of removal. See Zadvydas v. Davis, 533 U.S. at 682, 683, 687. Because Grijalva-Garcia is not subject to a final order of removal, the six-month period has not begun to run, and his request for relief under Zadvydas v. Davis is unavailing.

The Court need not decide whether there is some form of time or reasonableness limitation under 8 U.S.C. § 1226(c) that governs custodial detentions. Section 1226(c) is constitutional, see Denmore v. Kim, 538 U.S. 510 (2003), and no court has attempted has attempted to quantify a presumptively reasonable period of time for § 1226(c) detention that would mirror the Supreme Court's six-month rule in Zadvydas v. Davis. Given the Court's mail to Grijalva-Garcia is being returned, and he may have been released, the interests of justice do not counsel that the Court resolve a legal issue on which the United States Court of Appeals for the Tenth Circuit has not when it appears that it may be moot.

Thus, having reviewed the record and considered the United States Magistrate Judge's Proposed Findings and Recommended Disposition, to which Grijalva-Garcia did not file objections, and being otherwise fully advised, the Court finds that it should grant the motion to dismiss.

**IT IS ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed March 3, 2011 (Doc. 18), are adopted; and (ii) the Respondent's Motion to

Dismiss for Lack of Ripeness, filed April 21, 2010 (Doc. 9), is granted.

                                                    _____
                                                    UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Guillermo Grijalva-Garcia
Otero County Processing Center
Chaparral, New Mexico

      *Petitioner pro se*

Kenneth J. Gonzales
  United States Attorney
Randilynn Lord
  Assistant United States Attorney
Albuquerque, New Mexico

      *Attorneys for the Respondent*